# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr28-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JAMES AUGUSTUS WILLIAMS, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and was heard before the undersigned, pursuant to a letter written to the undersigned by the defendant filed on April 30, 2007. In the letter, the defendant requests that substitute counsel be appointed for him. Upon the call of this matter on for hearing, it appeared that the defendant was present, that his attorney, Tony Rollman was present and that the Government was represented by the Assistant United States Attorney, and from the statements of the defendant and the statements of Mr. Rollman, the court makes the following findings:

**Findings:** That court addressed the defendant and allowed the defendant to state what problems existed between the defendant and Mr. Rollman that such as would require substitution of counsel. Prior to allowing the defendant to make a statement to the court, the court explained to the defendant that there were three factors that the court would have to consider, that being: (1) Timeliness of the motion; (2) Inquiry as to the reasons why the defendant does now wish for Mr. Rollman to represent him further; and (3) Whether or not there is such a conflict between the defendant and Mr. Rollman that is so great that it has resulted in a total lack of communication preventing an adequate defense.

The defendant stated to the court that he had sent the letter because he had been advised by his mother that Mr. Rollman had spoken rudely to the defendant's mother during a telephone call that the defendant's mother had made to Mr. Rollman requesting information about the charges against the defendant. The defendant did not give the court any further information by which he expressed any dissatisfaction with Mr. Rollman.

The court then inquired of Mr. Rollman's position in regard to the matter and Mr. Rollman advised the court that he had no objection for counsel being substituted in place and stead of Mr. Rollman as it was Mr. Rollman's opinion that the defendant should have an attorney in whom he had confidence.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) The timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Mr. Rollman to represent him further; and (3) Whether or not there is such a conflict between the defendant and Mr. Rollman that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

The defendant was indicted on April 3, 2007. Thereafter, an arraignment was held

for the defendant and a detention hearing was held and a written order detaining the defendant was filed on April 11, 2007. The hearing of this motion occurred on May 7, 2007. Trial in this matter will, in all likelihood, will be scheduled for the July 2007 term. As a result of the above referenced scheduling, the court must consider that the defendant's motion is not timely.

The undersigned inquired as to the reasons for the conflict between the defendant and Mr. Rollman. At the hearing it appeared that the problem and conflict was not between the defendant and Mr. Rollman, but between the defendant's mother and Mr. Rollman. This small degree of conflict must be weighed against allowing the defendant's motion. The court has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. Rollman that there is a total lack of communication between them preventing an adequate defense. At this time, it does not appear to the undersigned that such a conflict exist between Mr. Rollman and the defendant that would prevent an adequate defense. Mr. Rollman is an excellent attorney who works diligently on behalf of his clients. Corey Ellis, Assistant United States Attorney representing the Government at the hearing of this matter, stated in open court that Mr. Rollman had been in contact with him concerning the defendant's case more than any other attorney that was representing any of the co-defendant's in this matter. The court is of the opinion that to substitute counsel for Mr. Rollman would be a detriment to the defendant and to his defense in this matter.

After considering all the factors, it appears that there is little time before trial within which to appoint other counsel who has knowledge of the case that Mr. Rollman possesses.

That as a result of the inquiry made by the undersigned, the undersigned can find no good reason for the appointment of another attorney and there does not appear to be a lack of communication between Mr. Rollman and the defendant that would prevent an adequate defense. Based upon the foregoing, the undersigned has determined to enter an order denying the defendant's motion for substitution of counsel.

## ORDER

IT, IS, THEREFORE **ORDERED** that the motion of the defendant for the substitution of counsel is hereby **DENIED.**

Signed: May 10, 2007

Dennis L. Howell
United States Magistrate Judge