# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:07CR28

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| JAMES AUGUSTUS WILLIAMS ) | |

**THIS MATTER** is before the Court on the Defendant's motion in limine and to suppress, filed May 15, 2007.

Defendant seeks to prevent the Government from making any reference to or mention of the Defendant's "alleged prior involvement with possession of stolen goods and/or the pawning of the same at local pawn shops" because such evidence is irrelevant and would extremely prejudice the Defendant or confuse the jury. **See Defendant's Motion, at 1.**

The indictment charges the Defendant and others with conspiracy to commit identity theft, credit card fraud, bank fraud and car break-ins. The Defendant and others would then use the stolen credit cards and other personal identification cards to obtain goods and services from retail

establishments such as Target, K-Mart, Best Buy and pawn shops. Count Six of the indictment specifically alleges that the Defendant and co-Defendants Moore and Sexton used a stolen driver's license to "pawn items in exchange for cash." **Indictment, at 5.** Likewise, Count Ten charges the Defendant and co-Defendants Sexton and Camacho with fraudulently using a stolen American Express card to obtain goods from a Target department store and stealing and converting to their own use two U.S. Treasury Department checks. *Id.* Counts Seventeen and Eighteen of the Indictment also specifically allege that the Defendant and co-Defendants Moore and Sexton did aid and abet one another in breaking and entering motor vehicles within the Pisgah National Forest with the intent to commit a felony or larceny therein. *Id.* **at 7.**

Defendant argues that any evidence concerning his alleged prior involvement with selling stolen property to pawn shops would have little probative value and would unfairly prejudice him. **Motion, at 2.** However, a review of the indictment indicates that the alleged acts are actually part of the offense conduct. The Court notes that the Government has not filed a Rule 404(b) notice; however, in the event that such conduct is not part of the offense, the Government must do so.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion in limine and to suppress is **DENIED**.

Signed: May 17, 2007

Lacy H. Thornburg
United States District Judge